1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

JAMES B. CARDEY,

11                        Plaintiff,

12             v.

13

CAROLYN W. COLVIN, Acting
14 Commissioner of the Social Security
Administration,

15                        Defendant.

16

CASE NO. 13-cv-05813 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

17        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18 Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19 Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United

20 States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos.

21 11, 12, 13).

22        After considering and reviewing the record, the Court finds that the ALJ did not

23

24 resolve the conflicts between the Dictionary of Occupational Titles ("DOT") regarding

job requirements for identified jobs that plaintiff could perform and plaintiff's abilities

and limitations as set forth in plaintiff's RFC.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42

U.S.C. § 405(g) to the Acting Commissioner for further consideration.

BACKGROUND

Plaintiff, JAMES B. CARDEY, was born in 1967 and was 38 years old on the

alleged date of disability onset of February 15, 2006 (*see* Tr. 174). Plaintiff believes he

completed high school and took a small engine course at a community college during his

last year at high school (Tr. 48-49).   Plaintiff has work experience doing maintenance for

a construction supply company, as director of sales for a pre-fab home company and as a

caulker for a sealing company (Tr. 202-205).

The ALJ found that plaintiff has at least the severe impairments of "malingering;

depression versus bipolar disorder; anxiety disorder, NOS; opiate dependence,

intermittent; lumbar strain; cervical degeneration with strain; borderline personality

disorder with dependent traits; right shoulder impingement (20 CFR 404.1520(c))" (Tr.

21).

At the time of the hearing, plaintiff was living in a "clean and sober" house with

his girlfriend, his girlfriend's father and three other people (Tr. 51).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42

U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following

reconsideration (Tr. 102-09, 111-18, 174-77). Plaintiff's requested hearing was held

before Administrative Law Judge Mattie Harvin-Woode ("the ALJ") on June 7, 2012 (*see* Tr. 39-100). On July 27, 2012, the ALJ issued a written decision in which she concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.16-38).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Did the Commissioner err in failing to address and analyze plaintiff's medically determinable impairment of terrors; (2) Did the Commissioner err in failing to find that plaintiff's mental health conditions satisfied the requirements of the listings; (3) Did the Commissioner err in her evaluation of the medical evidence in arriving at her credibility assessment and residual functional capacity assessment; (4) Did the Commissioner err in arriving at an internally inconsistent residual functional capacity assessment; and (5) Did the Commissioner err by relying on the testimony of a vocational expert which is inconsistent with the Dictionary of Occupational Titles (*see* ECF No. 11, p. 2).

Because the Court has concluded that the ALJ erred at step five of the sequential disability evaluation process, the majority of plaintiff's contentions will not be discussed.

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

//

1

2
<u>DISCUSSION</u>

3
(1)    **Did the Commissioner err by relying on the testimony of a vocational**

4
**expert ("VE") which is inconsistent with the Dictionary of**
**Occupational Titles ("DOT")?**

5

6
If the ALJ reaches the final step in the sequential analysis, the burden shifts to the

7
Commissioner to prove that the claimant can perform other work in the national

8
economy, given his age, education, residual functional capacity ("RFC") and past work

9
experience. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *see also* 20 C.F.R. §§

10
404.1594(f)(8), 416.994(b)(5)(vii). Plaintiff contends that the ALJ erred by relying on VE

11
testimony that was inconsistent with the DOT. Defendant contends that there is "no

12
conflict between the vocational expert's testimony and the DOT" (*see* Response, ECF

13
No. 12, p. 16).

14
As noted by defendant, "an ALJ may rely on expert testimony which contradicts

15
the DOT, but only insofar as the record contains persuasive evidence to support the

16
deviation." *Id*. (*citing Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir. 1995)).

17
Here, at step five, the ALJ erred by not resolving a conflict between the VE's

18
testimony and the DOT, and no persuasive evidence in the record supports the deviation.

19
*See Johnson, supra,* 60 F.3d at 1435. The first conflict identified by plaintiff is the

20
reaching limitation. As found by the ALJ and conceded by defendant, plaintiff was

21
limited to "occasional overhead reaching with the right upper extremity" (*see* Response,

22
ECF No. 12, p. 18; Tr. 23, 94). However, two out of three of the jobs identified by the

23

24
ALJ at step five that plaintiff could have performed require frequent reaching. *See*

Cafeteria attendant, DOT 311.677-010, 1991 WL 672694 ("Reaching: Frequently – Exists from 1/3 to 2/3 of the time"); Parking Lot Attendant, DOT 915.473-010, 1991 WL 687865 ("Reaching: Frequently – Exists from 1/3 to 2/3 of the time").

Defendant contends that no conflict exists between plaintiff's RFC, which limits plaintiff to reaching with the right upper extremity only occasionally, and the DOT, which indicates that these jobs require frequent reaching because "the vocational expert testified that [plaintiff's limitation in the RFC] would not preclude performance of the jobs" (*see* ECF No. 12, p. 18). The Court is not persuaded by defendant's argument that no conflict exists between reaching occasionally and reaching frequently because the VE testified as such. A limitation to reaching occasionally on its face conflicts with the DOT's indication that these two jobs require frequent reaching (*see* Tr. 23). *See* DOT 311.677-010, 1991 WL 672694; DOT 915.473-010, 1991 WL 687865. The Court concludes that a conflict exists, and also concludes that the record does not "contain[] persuasive evidence to support the deviation." *Johnson, supra,* 60 F.3d at 1435.

This error with respect to occasional reaching and these two jobs requiring frequent reaching would be harmless error if the other job identified at step five by the ALJ as a job that plaintiff could perform was valid. However, again, a conflict exists.

The second problem with the VE's testimony regarding jobs that an individual with plaintiff's RFC could perform involves plaintiff's limitation to occasional general public interaction that is incidental in nature (*see* Tr. 23). Plaintiff contends that this limitation in his RFC is not consistent with the job requirements listed in the DOT for the third job identified by the ALJ that he could perform, and is not consistent with the VE's

1   testimony that plaintiff could perform this third job of counter clerk (*see* Opening Brief,

2   ECF No. 11, pp. 12-13). According to the DOT, the job of counter clerk requires that a

3   worker "Receives film for processing  . . . .  collects payment from customers of

4   photofinishing establishment; Answers customer's questions regarding prices and

5   services; Receives film to be processed from customer;  . . . .  Locates processed film

6   and prints for customer; Totals charges, using cash register; collects payment; [] returns

7   prints and processed film to customer; [and] Sells photo supplies, such as film, batteries,

8   and flashcubes." Counter clerk, DOT 249.366-010, 1991 WL 672323.

9        Defendant provides no response to plaintiff's argument that the listing in the DOT

10  of the job requirements for counter clerk are not consistent with a limitation to occasional

11  general public interaction that is incidental in nature (*see* Tr. 23; *see also* ECF No. 12, pp.

12  16-19). Based on a review of the listed job requirements for the DOT as quoted, the Court

13  concludes that the multiple requirements requiring interaction with the public, including

14  receiving film from customers, finding processed film for customers, accepting payment

15  from customers, selling supplies to customers and answering customers' questions,

16  entails more than occasional interaction with the general public that is incidental to the

17  job. *See* Counter clerk DOT 249.366-010, 1991 WL 672323. It appears to be a large part

18  of the job description. Therefore, another inconsistency exists in the record, with respect

19  to the third and final job identified at step five by the ALJ that plaintiff could perform. As

20  a result, no jobs identified by the ALJ at step five that plaintiff could perform remain. As

21  the ultimate disability determination rests on this step five finding, the error is not

22  harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (the Ninth

Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination'") (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)) (other citations omitted); *see also Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

In addition, another potential conflict exists between the VE's testimony that plaintiff could perform the identified jobs, and the DOT. In plaintiff's RFC, the ALJ concluded that plaintiff requires a limitation to work involving only simple tasks (*see* Tr. 23). However, as conceded by defendant, all of the jobs that the ALJ identified at step five as jobs that plaintiff could perform require the ability to perform at a reasoning level of two (*see* Response, ECF No. 12, p. 16). Defendant also concedes that the "DOT defines jobs requiring reasoning level of two as requiring the ability to '[a]pply common sense understanding to carry out detailed but uninvolved written or oral instructions'" (*see id.,* p. 17).

Although defendant contends that the description of reasoning level two jobs as requiring common sense to carry out detailed but uninvolved instructions logically is consistent with an ability to perform simple tasks, the Court is not convinced that one who is limited to simple tasks nevertheless can perform tasks requiring the ability to carry out detailed but uninvolved written or oral instructions. Therefore, although defendant cites unpublished decisions in an attempt to persuade the Court that there is no

1   inconsistency between the ALJ's finding regarding plaintiff's RFC and the ALJ's

2   reliance on the VE's testimony as to the job requirements, the Court does not agree.

3           Therefore, two conflicts exist between the job requirements as set out in the DOT

4   for each of the jobs identified by the ALJ at step five as jobs that plaintiff could perform,

5   and plaintiff's RFC as found by the ALJ. The Ninth Circuit has explained the importance

6   of resolving conflicts between the DOT and vocational experts' testimony:

7
            In making disability determinations, the Social Security Administration
8           relies primarily on the *Dictionary of Occupational Titles* for "information
            about the requirements of work in the national economy."–The Social
9           Security Administration also uses testimony from vocational experts to
            obtain occupational evidence.–Although evidence provided by a vocational
10          expert "generally should be consistent" with the *Dictionary of
            Occupational Titles,* "[n]either the [*Dictionary of Occupational Titles*] nor
11          the [vocational expert] ... evidence automatically 'trumps' when there is a
            conflict." Thus, the ALJ must first determine whether a conflict exists. If it
12          does, the ALJ must then determine whether the vocational expert's
            explanation for the conflict is reasonable and whether a basis exists for
13          relying on the expert rather than the *Dictionary of Occupational Titles.*

14  *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (*citing* SSR ) (footnotes

15  omitted).

16          For the reasons stated and based on the relevant record, the Court concludes that

17  this matter must be reversed and remanded for further administrative proceedings.

18
        (2)     **Whether this matter should be reversed and remanded for further
19              administrative proceedings or for a direct award of benefits**.

20

21          Generally when the Social Security Administration does not determine a

22  claimant's application properly, "'the proper course, except in rare circumstances, is

23  to remand to the agency for additional investigation or explanation.'" *Benecke v.*

24

*Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. It is unclear whether or not plaintiff can perform the jobs identified at step five by the ALJ as jobs that he can perform, given the ALJ's finding regarding plaintiff's RFC. Furthermore, the decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

## CONCLUSION

The ALJ erred by not resolving conflicts between the VE's testimony regarding jobs that one with plaintiff's RFC could perform, and the requirements for such jobs as listed in the DOT.

Based on this reason and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 12th day of June, 2014.

J. Richard Creatura
United States Magistrate Judge